IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON PERRY,**

        Petitioner,

    vs.                       CIVIL ACTION
                                        No. 12-3059-SAC

**LISA J.W. HOLLINGSWORTH,**

        Respondent.

MEMORANDUM AND ORDER

    This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se. Accordingly, the court must construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    Petitioner suffers from cystic fibrosis. He claims he is not receiving appropriate medical care, and he seeks release to obtain care elsewhere.

    Generally, a petition for habeas corpus filed pursuant to § 2241 is the remedy to challenge the execution of a sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484

(1973)).

While petitioner seeks release, he does not challenge the legality of his confinement; rather, he contends the medical care provided him at the United States Penitentiary, Leavenworth, is constitutionally inadequate. This claim is a challenge to the conditions of his confinement, and such claims must be presented in a *Bivens*[1] action rather than a petition for habeas corpus. *See U.S. v. Furman*, 112 F.3d 435, 439 (10th Cir. 1997). Therefore, if this matter proceeds, it must be characterized as a civil rights action. If this matter is construed as such an action, a $350.00 filing fee will apply.[2]

Likewise, because a civil rights action filed by a prisoner is governed by the Prison Litigation Reform Act (PLRA), petitioner must exhaust available administrative remedies before commencing a federal civil rights action concerning his conditions of confinement. *See* 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

[2] Plaintiff may seek leave to proceed in forma pauperis. If that status is granted, he will be allowed to pay the filing fee in installments. *See* 28 U.S.C. § 1915(b)(2).

520 (2002).

Because this matter may proceed only if it is construed as a civil rights complaint, the court will give petitioner the opportunity to dismiss this matter if he does not wish to pursue relief in such an action.

IT IS, THEREFORE, BY THE COURT ORDERED this matter must proceed as a civil rights complaint filed pursuant to *Bivens*. Petitioner is granted to and including June 4, 2012, to submit either a motion to voluntarily dismiss this matter or a form civil rights complaint and a motion for leave to proceed in forma pauperis. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the petitioner.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 2nd day of May, 2012, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge