IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON PERRY,

        Plaintiff,

                                  CIVIL ACTION
  vs.                             No. 12-3059-RDR

LISA J.W. HOLLINGSWORTH, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

    Plaintiff Jason Perry commenced this action on March 2, 2012, as a petition for habeas corpus. By its Memorandum and Order of May 2, 2012, the court advised plaintiff that this action, which alleges inadequate medical care, must proceed as a *Bivens*-type[1] civil rights action. Plaintiff was granted to and including June 4, 2012, to submit either a motion to voluntarily dismiss this matter or to submit a form civil rights complaint and a motion for leave to proceed in forma pauperis or the full filing fee.

    Plaintiff submitted a form complaint (Doc. 4) and a motion to proceed in forma pauperis (Doc. 5).

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

*Motion to proceed in forma pauperis*

Because plaintiff is a prisoner, the motion is governed by 28 U.S.C. §1915(b). Pursuant to § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the supplemental records submitted by the plaintiff, the court finds the average monthly deposit to his account is $51.67, and the average monthly balance cannot be determined from the material supplied. The court therefore assesses an initial partial filing fee of $10.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.[2]

*Screening*

Next, because plaintiff is a prisoner seeking relief against a governmental entity or an officer or employee of such an entity, the court is required to conduct a preliminary screening of the complaint and must dismiss all or any part of it that is frivolous or malicious, fails to state a claim upon

---

[2] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b).

Because plaintiff proceeds pro se, the court liberally construes his pleadings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In examining the complaint, the court accepts as true all-pleaded allegations in the complaint and the reasonable inferences that may be drawn from those allegations. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). However, despite this relaxed standard, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The court's review of the complaint has identified certain deficiencies.

First, an action brought pursuant to *Bivens* only "lies against [a] federal official in his individual capacity." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Accordingly, the Bureau of Prisons is subject to dismissal from this action.

Next, a *Bivens* action must identify the personal participation of each defendant and explain how that conduct caused the deprivation of a federal right. *See Kite v. Kelley*, 546 F.2d

334, 338 (10th Cir. 1976). Plaintiff must clarify the specific factual bases for his claims against defendant Hollingsworth, the warden of the United States Penitentiary, Leavenworth.

A supervisor may not be held liable merely due to holding a supervisory position. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir.2010)(quoting *Iqbal,* 556 U.S. at 677). Instead, a plaintiff must allege and demonstrate that a supervisory defendant: "(1) ... promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds, id.* at 1199. Unless plaintiff identifies specific facts showing the personal participation of defendant Hollingsworth, that defendant is subject to dismissal.

Finally, if plaintiff wishes to identify any other defendants, he must do so within the time allotted in this action. Plaintiff must allege the specific personal participation of any such defendant.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before July 16, 2012, plaintiff shall submit an initial partial filing fee of $10.00 to the clerk of the court. Any objection to this order must be filed on or before the date payment is due. The

failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

    IT IS FURTHER ORDERED that on or before July 16, 2012, plaintiff shall show cause why the Bureau of Prisons should not be dismissed from this action and shall supplement the record to explain the specific bases of his claims against defendant Hollingsworth and any other defendants.

    A copy of this order shall be transmitted to the plaintiff.

    **IT IS SO ORDERED.**

    DATED:  This 14th day of June, 2012, at Topeka, Kansas.

    S/ Richard D. Rogers
    RICHARD D. ROGERS
    U.S. Senior District Judge